## KUDER *v*. GREENE.

### Opinion delivered October 15, 1904.

BANK—DRAFT PAYABLE TO CASHIER—DISPOSITION OF PROCEEDS.—Where a draft on a foreign bank is made payable to the cashier of a local bank, the latter is not justifiable in paying over the proceeds of the draft to the person who presented it, in the absence of any custom or any other reasonable ground that would justify the bank in treating such holder as the owner. (Page 507.)

QUERY.—Would the local bank be justified in treating the draft as the property of the holder if he was indebted to it? (Page 508.)

Appeal from Boone Circuit Court.

ELBRIDGE G. MITCHELL, Judge.

Reversed.

### STATEMENT BY THE COURT.

In June, 1901, C. M. Greene was the cashier of the Citizens' Bank of Harrison, Arkansas. In that month J. H. Kuder, while in Harrison, delivered to H. E. Cole two checks drawn by Kuder on a bank in Kansas. One of the checks for the sum of $150 was made payable to the order of H. E. Cole; the other check for the sum of $600 was made payable to the order of "C M. Greene, Cashier." Cole took both of the checks to the Citizens' Bank, and had them deposited to his own credit for collection. The checks were paid by the bank in Kansas, and the proceeds were by the Citizens' Bank placed to the credit of Cole, who afterwards drew it out of the bank on his own check. Before the money had been all paid over to Cole, Kuder notified the bank that Cole had no authority to collect the check, and the bank then asked him to find Cole and have the matter settled, but nothing seems to have been done, and afterwards, the bank refusing to pay Kuder for his draft, he brought this action against the bank to recover the sum of $600, which he claims that the bank owed him for the proceeds of the check. On the trial the plaintiff Kuder testified that he gave the check for $600 to Cole with the understanding that he should deposit it in the bank for collection for plaintiff Kuder, and that Cole had no authority to use the proceeds thereof. On the other hand, Cole testified that both checks were delivered to him by Kuder in payment of a debt that Kuder owed him for a lease which Kuder had purchased from him. Kuder, in explaining why he sent the check to bank by Cole, stated that he did so because Cole, who was a customer of the bank, told him that if he would let him (Cole) carry the check over to the bank, the bank would not charge any commission for collecting. Before agreeing to credit Cole with the amount of the check, the bank required him to indorse his name on the back of the check.

The case was submitted to the presiding judge, who made the following among other findings, to-wit:

"That defendants, R. T. Knight and C. M. Greene, are, and were at all times mentioned in the proceedings in this case, partners and doing a general banking business at Harrison, Arkansas, under the firm name of Citizens' Bank, and that said defendant, C. M. Greene, is and was at all times cashier of said bank. That plaintiff on the 29th day of June, 1901, drew his draft on Northrup National Bank of Iola, Kansas, in favor of said Chas. M. Greene, cashier, for $600; and on the same day caused said draft to be deposited in said Citizens' Bank for collection; and that said Citizens' Bank collected said draft on the 6th day of July, 1901. That said draft was delivered by plaintiff to H. E. Cole, and by him delivered to the bank, and that at the time of such delivery to Cole there was no express authority given him by plaintiff to collect or appropriate the proceeds of said draft. That plaintiff did not deliver said draft to Cole in payment of the purchase price of a lease; nor did he negotiate or sell the same to Cole. That the plaintiff constituted Cole as his agent to carry the $600 to the bank, and there to cash the same draft, and then for Cole to deposit the sum collected in plaintiff's name in the bank."

The court did not make any declaration of law, further than that the law of the case was in favor of the defendants, and he thereupon rendered judgment in favor of defendants, and plaintiff appealed.

*B. B. Hudgins, Pace & Pace* and *J. W. Story,* for appellant.

The court erred in refusing the first and second requests of appellant for instructions. 10 Wall. 650; 70 Tex. 643, s. c. 8 S. W. 507; Newmark, Dep. § 88; 23 N. Y. 289. It was likewise error to refuse appellant's third request. 44 Ark. 564; 50 N. Y. 410, s. c. 10 Am. R. 502. If appellees gave Cole credit for the draft or turned the proceeds of same over to him, they became liable to appellant. Story, Ag. (Benn. Ed.) § 126; 65 Ark. 385; 104 U. S. 54. If the money was ever actually paid to Cole, it was with full notice of appellant's right, and is no defense to this suit. 9 Gill & J. 297; 51 Cal. 64; 90 Ky. 431; 14 S. W. 411; 18 S. W. 115; 89 Tenn. 609; 148 Mass. 553.

*G. J. Crump,* for appellees.

The check having passed to Cole's credit, the fund was subject to his check, and the bank would have had to honor his check. 62 Pa. St. 88; 89 Ga. 108; 87 Ga. 45; 37 Ill. App. 425; 39 Mo. App. 540; 90 N. Y. 530; 57 N. Y. 499; 88 Ga. 333; s. c. 14 S. E. 554; 39 Ind. 109; 29 S. W. 926; 42 Ark. 26. When one of two innocent persons must suffer, he whose act made the wrong possible must bear the consequences. 74 Ala. 604; 6 Mackey, 428; 42 Ark. 22; 13 Ill. App. 236; 39 Mich. 584; 9 Pa. 52; 91 Pa. St. 290; 108 Pa. St. 529; 27 Tenn. 489.

RIDDICK, J., (after stating the facts.) This is an action by plaintiff Kuder against C. M. Greene and R. T. Knight, partners doing business under the firm name of the Citizens' Bank, to recover the proceeds of a check which he claims to have deposited with the bank for collection. The check was made payable to the cashier of the bank, and was delivered to the bank by one Cole, to whom the proceeds of the check were paid. The defendants claim that Kuder authorized Cole to collect the check, and had him to present the check to the bank for the purpose of avoiding payment of exchange and collection charges. They say that the money was paid over to Cole in the usual course of business, and in accordance with commercial custom, and without notice, and that the bank was a *bona fide* holder, and should be protected. But as to whether or not Cole was authorized to collect the check the evidence was conflicting, and, the court having found that Cole had no authority to collect the check, we must assume that this was true. The question presented is then whether the bank was a *bona fide* holder of the check for value, and as such entitled to be protected against the equities of the drawer of the check?

It was said by Lord Russell, in *Lewis* v. *Clay*, 67 L. J. Q. B. (N. S.), 224, Huffcut, Neg. Inst. 440, that the payee of a note or check could not, under the English statute, be a *bona fide* holder, so as to protect him against the equities of the maker; but it has been held that there are exceptions to this rule. For instance, it has been said that it is customary for a debtor wishing to pay his debt to procure a check or draft drawn by another payable direct to the creditor, and that when such a check is delivered to the creditor in payment of his debt, the creditor, though the payee, may still become a *bona fide* holder of such check, and be protected as such. *Boston* v. *Steurer,* 183 Mass. 140; *Tabor* v. *Bank,* 28 Ark. 454.

Now, if Cole had been indebted to the bank, and had delivered the check in payment of his debt, this might have furnished to the bank reasonable ground for believing that Cole was the owner of the check, and that it was made payable to the cashier for convenience to be used in paying the debt. But that is not the case here, for it is not claimed that Cole owed the bank, or that the check was delivered to the bank in settlement of a debt. Cole brought two checks to the bank, one for $150, payable to himself, the other for $600, payable to the cashier of the bank. These checks were both drawn by Kuder on the same day, while in Harrison where the bank was located, and were presented by Cole to the bank at the same time. The usual custom, when one draws a check in favor of another in payment of a debt due him or as a loan to him, is to make such person the payee in the check. It seems not in accordance with the usual custom that Kuder should draw two checks at the same time in payment of a debt he owed Cole and make one of them payable to Cole, and the other payable to the cashier of the bank in the town where the checks were drawn, and this it seems to us, in the absence of any reason why it was made payable to the cashier instead of to Cole, should have aroused the suspicions of the bank, and put it upon inquiry. Suppose that this check had been picked up by Cole on the street where Kuder had dropped it, would the bank be justified in paying the proceeds of it to Cole when by its terms it was payable to the cashier of the bank? We think not. And so when Cole presented these two checks to the bank we think that the circumstances were such that the bank must be held to have had notice that Kuder had an interest in the check which he had made payable to the cashier, and which he had not authorized Cole to collect, and that defendants are not entitled to the protection of *bona fide* holders.

But the last finding made by the court was to the effect that Kuder gave Cole authority to cash the check, and directed him to deposit the proceeds thereof in the bank to the credit of Kuder. If Cole had authority to collect the check, the bank would not be responsible for his failure to deposit the proceeds; and if this finding was correct, the judgment in favor of the defendants was right. But this finding seems to us to be in conflict with other findings of the court to which we have called attention, and we are therefore of the opinion that the judgment should be reversed, and the case remanded for a new trial.